**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD L. ROBINS, | CASE NO. 1:08-cv-01763-GSA YNP (PC) |
| Plaintiff, | ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO STATE A CLAIM |
| v. | |
| JAMES A. YATES, et al., | |
| Defendants. | |

Plaintiff Ronald L. Robins ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c). Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is incarcerated at Pleasant Valley State Prison in Coalinga, California ("PVSP"). Plaintiff is suing under section 1983 for the violation of his rights under the Fifth and Fourteenth Amendment. Plaintiff names James A. Yates (warden), D. P. Carey (associate warden), M. E. Spearman (associate warden), R. Hoyt (facility "C" captain), D. B. Petrick (senior hearing officer), O. A. Hjerrild (correctional officer), and N. Grannis (chief of inmate appeals) as defendants. For the reasons set forth below, Plaintiff's complaint is dismissed without prejudice.

**I.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Background**

    **A.     Procedural Background**

Plaintiff filed the Original Complaint in this action on November 18, 2008. (Doc. #1.) Plaintiff's Original Complaint was screened by the Court on April 13, 2009. (Doc. #6.) The Court read Plaintiff's Original Complaint and determined that it did not state any cognizable claims. Plaintiff's Original Complaint was dismissed and Plaintiff was given leave to file an amended complaint. Plaintiff filed his First Amended Complaint on June 3, 2009. (Doc. #9.) This action proceeds on Plaintiff's First Amended Complaint.

    **B.     Factual Background**

Plaintiff alleges that his constitutional rights were violated when he was found guilty of a Rules Violation Report ("RVR") for possession of tobacco. Plaintiff's cell-mate, Earl McCloud, was found guilty of introducing and distributing tobacco in PVSP. While prison officials investigated McCloud for distributing tobacco, they found tobacco in Plaintiff and McCloud's shared cell.

Plaintiff disclaimed responsibility for the tobacco and further added that he has no control over what his cell-mate, McCloud, does. McCloud also supported Plaintiff by informing prison officials that Plaintiff was not involved in McCloud's tobacco distribution scheme. Nonetheless, Plaintiff was found guilty of possessing tobacco under the theory that tobacco was found within his "area of responsibility". Plaintiff alleges that having an RVR on his record prejudices his eligibility for parole.

### III. Discussion

#### A. Fifth Amendment Claim

Plaintiff alleges that Defendants actions violated his rights under the Fifth Amendment. The Due Process Clause of the Fifth Amendment only applies to the federal government. Bingue v. Prunchak, 512 F.3d 1169, 1194 (9th Cir 2008). The Fourteenth Amendment applies to due process violations by state officials. Plaintiff has only named California state officials as defendants. Plaintiff fails to state any cognizable claims under the Fifth Amendment.

#### B. Fourteenth Amendment Claim

Plaintiff alleges that he was denied due process at the disciplinary hearing where he was found guilty for possessing tobacco. The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his

3

1  defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking
2  disciplinary action; (4) the right of the prisoner to call witnesses and present documentary evidence
3  in his defense, when permitting him to do so would not be unduly hazardous to institutional safety
4  or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the
5  issues presented are legally complex. Id. at 563-71. As long as the five minimum Wolff
6  requirements are met, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th
7  Cir. 1994).

8  "[T]he requirements of due process are satisfied if some evidence supports the decision by
9  the prison disciplinary board . . . ." Superintendent, Massachusetts Correctional Institution, Walpole
10 v. Hill, 472 U.S. 445, 455 (1985); see also Touissaint v. McCarthy, 926 F.2d 800, 802-03 (9th Cir.
11 1991); Bostic v. Carlson, 884 F.2d 1267, 1269-70 (9th Cir. 1989); Jancsek, III v. Oregon bd. Of
12 Parole, 833 F.2d 1389, 1390 (9th Cir. 1987); Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987); see
13 especially Burnsworth v. Gunderson, 179 F.3d 771, 774-74 (9th Cir. 1999) (where there is no
14 evidence of guilt may be unnecessary to demonstrate existence of liberty interest.) "Some evidence"
15 must support the decision of the hearing officer. Hill, 472 U.S. at 455. The standard is not
16 particularly stringent and the relevant inquiry is whether "there is *any* evidence in the record that
17 could support the conclusion reached . . . ." Id. at 455-56 (emphasis added).

18 Plaintiff was charged with possession of tobacco. Plaintiff's Rules Violation Report, which
19 Plaintiff has attached as an exhibit to his complaint, defines "possession" as:

> **POSSESSION** means: physical possession; within the inmate's area of responsibility; or, evidence shows that the inmate retained constructive possession. **AREA OF RESPONSIBILITY** means the inmate's room, even if double celled, or the area around his bunk in the dorm. If another inmate admits responsibility for the contraband, the issue becomes whether this inmate should have known it was in his area of responsibility. If it is reasonable to believe that the inmate was aware of this contraband, the inmate is also guilty of the offense.

25 (Compl. 26.) It appears Plaintiff received all the procedural requirements set forth in Wolff:
26 Plaintiff received (1) written notice of the charges; (2) at least 24 hours of time between receiving
27 written notice and the hearing; (3) a written statement by the fact finders of the evidence they relied
28 on and the reasons they took disciplinary action; (4) the right to call witnesses and present

1  ///

2  documentary evidence in his defense; and (5) he did not require legal assistance due to illiteracy or
3  for complex legally issues.

4      Plaintiff contends that he was not given a timely hearing.  Plaintiff quotes CCR § 3320(b)
5  that states "charges shall be heard within 30 days from the date inmates [are] provided a copy of the
6  CDC Form 115. . . ."  (Compl. 11.)  Plaintiff was initially charged with a violation of CCR §
7  3189(c).  There is no subsection (c) to section 3189, which appears to be a typographical error on
8  Defendants' part, and Plaintiff was re-charged with a violation of CCR § 3188(c) or (d).  Plaintiff
9  appears to allege that Defendants violated their own prison regulation because the time between
10 being issued the first RVR and his hearing was longer than the 30 days mandated by regulation.  As
11 an initial matter, nothing in the text of the prison regulation quoted by Plaintiff indicates that the time
12 constraint begins to run at the issuance of the initial issuance of the RVR.  The RVR issued to
13 Plaintiff on July 2007, which Plaintiff has attached to his complaint as an exhibit, states that
14 "[p]ursuant to CCR § 3084.5(h)(3), time constraints are effective the date the RVR is written.  As
15 such, the time constraints will begin on July 9, 2007."  (Compl. § 20.)  Further, even assuming
16 Defendants violated CCR § 3320(b), such violation does not in itself violate the Due Process Clause
17 as it does not violate the constitutional boundaries set forth in <u>Wolff</u>.  Nor does section 3320(b)
18 create a liberty interest protected by the Due Process Clause.  Liberty interests created by prison
19 regulations are generally limited to freedom from restraint which "imposes atypical and significant
20 hardship on the inmate in relation to the ordinary incidents of prison life."  <u>Sandin v. Conner</u>, 515
21 U.S. 472, 484 (1995).  Plaintiff has not alleged that Defendants' failure to comply with CCR §
22 3320(b) resulted in an "atypical and significant hardship" on Plaintiff.

23     Plaintiff contends that he was found guilty "without any evidence to support the verdict."
24 (Compl. 8.)  However Plaintiff does not refute the facts upon which he was found guilty of the RVR.
25 Plaintiff alleges that the tobacco was found his cell.  Thus, the tobacco was within Plaintiff's "area
26 of responsibility" as defined by prison regulations.  Plaintiff asserts that he was "innocent" because
27 he had nothing to do with his cell-mate's tobacco distribution scheme.  Plaintiff was not found guilty
28 of participating in his cell-mate's tobacco distribution scheme.  Plaintiff was found guilty of having

5

tobacco within his "area of responsibility". Defendants' decision is adequately supported by "some evidence" that the tobacco was within the control and possession of Plaintiff. Therefore, Plaintiff fails to state a claim for a due process violation against Defendants.

### C.     Application of Heck v. Humphrey

Plaintiff alleges that he was deprived of a liberty interest because the rules violation will increase the term of his imprisonment because it prejudices his eligibility for parole. Prisoners in state custody "cannot use a § 1983 action to challenge 'the fact or duration of [their] confinement.'" Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) (quoting Preiser v. Rodriguez, 411 U.S. 475, 489 (1973)). A habeas corpus action is the appropriate avenue for relief to invalidate their imprisonment. Id. Although Plaintiff here is seeking damages, and not release from prison, a § 1983 action for damages will not lie where "establishing the basis for the damages claim necessarily demonstrates the invalidity of the conviction". Heck v. Humphrey, 512 U.S. 477, 481-482 (1994). Plaintiff may not pursue a § 1983 damages for this claim until Plaintiff can prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus". Id. at 487. The bar established by Heck applies when an inmate is challenging the validity of a disciplinary hearing. Edwards v. Balisok, 520 U.S. 641, 648 (1997).

Here, Plaintiff is challenging the validity of his rules violation for possession of tobacco. Plaintiff has not alleged that his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus." Plaintiff may not pursue this section 1983 action unless he can demonstrate the his disciplinary violation has already been invalidated.

### IV.    Conclusion and Order

The Court has screened Plaintiff's First Amended Complaint and finds that it does not state any claims upon which relief could be granted under section 1983. The court previously dismissed Plaintiff's Original Complaint for the same reasons and Plaintiff filed a nearly identical complaint as his First Amended Complaint. The court finds that the deficiencies in Plaintiff's complaint are not capable of being cured by amendment.

1  ///
2  Accordingly, IT IS HEREBY ORDERED that this action is dismissed, without prejudice, for failure
3  to state a claim upon which relief could be granted.  The Clerk is directed to close this case.
4      IT IS SO ORDERED.
5      **Dated:**  **June 15, 2009**       /s/ **Gary S. Austin**
                                                         UNITED STATES MAGISTRATE JUDGE